UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUNG NGUYEN (A-071-005-208),<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-07677-DAD-CSK<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner Trung Nguyen (A-071-005-208), a native and citizen of Vietnam who is proceeding without counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] In 1990, petitioner entered the United States as a refugee when he was two months old and was admitted as a lawful permanent resident upon entry. On May 11, 2026, petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") officials. ICE initiated removal proceedings against petitioner based on his criminal convictions. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends that the petition for writ of habeas corpus be granted.

## I. FACTUAL BACKGROUND

In 1990, petitioner was admitted into the United States as a lawful permanent resident.

[1] Petitioner is proceeding in forma pauperis. This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

(ECF No. 1 at 5.) On September 13, 2022, petitioner was convicted of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). (Id.) Petitioner was sentenced to 36 months in prison for this offense. (Id.) On March 20, 2025, he was released and began serving a three-year term of supervised release. (Id.) On May 29, 2025, petitioner was charged with three felonies. (Id. at 6.) Petitioner pled guilty to misdemeanor domestic battery and was sentenced to eight months in prison. (Id.)

On May 11, 2026, upon the completion of his sentence, petitioner was transferred directly to ICE custody. (Id.) On May 11, 2026, petitioner was issued a Notice to Appear charging petitioner with being subject to removal under (1) Immigration and Nationality Act ("INA") section 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as having been convicted of an aggravated felony as defined in INA section 101(a)(43)(E), 8 U.S.C. § 1101(a)(43)(E), an offense described in 18 U.S.C. § 922(g)(1) (relating to firearms offenses). (Id.)

On July 28, 2026, the Immigration Judge found that petitioner was removable under the charge in the Notice to Appear and ordered petitioner's removal to Vietnam. (Id. at 7.) On August 26, 2026, the Board of Immigration Appeals ("BIA") received petitioner's appeal of his removal order. (ECF No. 10-2.) Petitioner's appeal to the BIA remains pending.

## II. PROCEDURAL BACKGROUND

On June 8, 2026, petitioner filed his first petition for writ of habeas corpus. Nguyen v. Warden, California City Detention Facility, et al., No. 1:26-cv-04390-DAD-CSK (E.D. Cal. June 26, 2026) ("Nguyen I"). On June 26, 2026, the district court dismissed the petition without prejudice for failure to exhaust administrative remedies where petitioner had not requested a hearing before the immigration court pursuant to Matter of Joseph, 22 I & N Dec. 799 (BIA 1999). (See id.) On September 21, 2026, petitioner filed the instant petition for writ of habeas corpus, a motion to proceed in forma pauperis, and a motion to appoint counsel. (ECF Nos. 1-3.) On October 4, 2026, respondents timely filed an answer to the petition. (ECF No. 10.) On October 13, 2026, petitioner timely filed a traverse. (ECF No. 11.) On October 15, 2026, petitioner filed a second traverse. (ECF No. 12.) Briefing is now complete.

/ / /

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Petitioner challenges his continued detention as prolonged based on the violation of the Fifth Amendment procedural due process clause. (ECF No. 1 at 14.) Respondents argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B), as he is a deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) for being convicted of an aggravated felony. (ECF No. 10 at 2.) Respondents further argue that petitioner failed to exhaust his administrative remedies as to his mandatory detention and that the Court should reject petitioner's due process claims. (Id.)

### A. Statutory Basis for Detention

In analyzing petitioner's challenge to his detention, the court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). The Court assumes without deciding that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(B) because he is subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) based on his conviction of an aggravated felony relating to firearms offenses as defined in INA section 101(a)(43)(E), 8 U.S.C. § 1101(a)(43)(E). (ECF No. 1 at 5-6.) Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 529 (9th

Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018).

Respondents argue that petitioner should be required to challenge whether he is subject to mandatory detention under 8 U.S.C. § 1226(c) before the immigration court. (ECF No. 10 at 1-2.) The government contends that although petitioner submitted a record of his request for a Matter of Joseph hearing, the record indicates that the request was not mailed to the immigration court, and thus he did not exhaust his administrative remedies. (Id. at 1.)

After closely reviewing the record, the Court finds that petitioner did submit a Matter of Joseph hearing request to the immigration court. Though the certificate of service on his request reflects that a copy was sent to the Adelanto Immigration Court, the mailing envelope submitted shows that the request was sent to the office of the Federal Public Defender in San Jose, California. (Compare ECF No. 1 at 22 with id. at 23.) In his second traverse, petitioner explains that he mailed the Joseph hearing request to the Adelanto Immigration Court, Office of the Chief Counsel, and the Federal Public Defender on July 20, 2026. (ECF No. 12 at 1.) Petitioner attached a printout of his outgoing and incoming mail which reflects an outgoing mailing to each of these three recipients on July 20, 2026. (ECF No. 12 at 4.) Nonetheless, petitioner indicates that he has not received any hearing related to his custody, and the record before this court lacks evidence that he did receive a hearing under Matter of Joseph. (ECF No. 1 at 6).

Under the circumstances of this case, the Court need not decide whether petitioner sufficiently exhausted his administrative remedies as to his mandatory detention under 8 U.S.C. § 1226(c) where he requested a Joseph hearing but the record lacks indication that he received one. In the instant action, petitioner raises only a single due process claim, and the Court finds he is entitled to a bond hearing based on his prolonged detention for the reasons set forth below. (ECF No. 1 at 14.)

**B. Prolonged Detention**

Petitioner raises a Fifth Amendment due process claim for prolonged detention that exceeds six months. (See ECF No. 1 at 14.) For the purposes of analyzing petitioner's prolonged detention claim, this Court assumes without deciding that petitioner is detained pursuant to § 1226(c).

While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-00611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-1669 RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, No.

1:26-cv-1192 DJC CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 818 F. Supp. 3d 1141, 1151 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 693).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). The Court concludes that petitioner has a protected liberty interest in his freedom from detention. See Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months). Petitioner has been detained over six months since May 2026 and faces prolonged detention during his appeal to the BIA and further potential judicial review. This also exceeds the time period the Supreme Court noted in Demore: "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." Demore, 538 U.S. at 530.

Next, the court turns to what procedures are necessary to ensure that the deprivation of the protected liberty interest meets the demands of the Constitution. The Ninth Circuit has "regularly applied Mathews [v. Eldridge, 424 U.S. 319 (1976)], to due process challenges to removal proceedings." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022); see also

Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying Mathews factors in immigration detention context). In applying the Mathews test to a procedural due process claim challenging immigration detention, the Ninth Circuit explained that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz, 53 F. 4th at 1206-07 (citations omitted). Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest.[2] Mathews, 424 U.S. at 335.

First, petitioner has a clear interest in remaining free from detention. "Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690 (citing Foucha, 504 U.S. at 80 ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); Hernandez, 872 F.3d at 981 ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). The length of future detention is unknown and prolonged where his appeal to the BIA is pending and was received on August 26, 2026, he does not yet have a final removal order, further judicial review is available after the BIA appeal. (See ECF No. 10-2 at 1 (BIA filing receipt of appeal on August 26, 2026).) In addition, the record before the Court does not indicate whether there have been any delays caused by either the petitioner or the government. The first factor therefore weighs in petitioner's favor.

Second, "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing." See A.E. v. Andrews, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in

---

[2] "District courts within this Circuit have adopted a variety of multi-factor tests for determining at what point a noncitizen detained pursuant to a mandatory detention statute is constitutionally entitled to a bond hearing." Mohammed v. Warden of California City Detention Center, No. 1:26-cv-0118 DJC CSK, 2026 WL 192368, at *3 (E.D. Cal. Jan. 26, 2026) (applying Mathews test to prolonged detention claim under § 1225(b)(1)). Cf. Keo, 2026 WL 747117, at *2 (applying seven factor test from Martinez, 2019 WL 5968089, at *7, to prolonged detention claim under § 1226(c)). As the considerations in the various multi-factor tests are relevant to the due process analysis, the Court will address them within the Mathews framework.

purpose and effect[,]" is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690; Padilla v. ICE, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Here, petitioner has been detained since May 11, 2026 without a bond hearing to evaluate whether petitioner is a flight risk or a danger to the community. It is not this Court's role to determine whether petitioner is a danger or flight risk, and a neutral arbiter may very well determine that petitioner is a danger given the seriousness of his underlying convictions that make him removable as well as his prior criminal history.

As to the third Mathews factor, this Court recognizes that the government has an interest in enforcing immigration laws and in public safety, but respondent's interest in detaining petitioner without a hearing is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 19, 2019); Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025). Detention hearings in immigration courts are routine, and impose a "minimal cost." Doe, 787 F. Supp. 3d at 1094.

Overall, balancing these factors, the Court finds that petitioner is entitled to a bond hearing under the Due Process Clause where he has been detained for over six months, his appeal to the BIA remains pending, and the length of his future detention is unknown where further judicial review is available and the removal order is not yet final. See also Jose G. M. L. v. Warden of the Golden State Annex Detention Facility, et al., No. 1:26-cv-0047 TLN EFB, 2026 WL 472987, at *5 (E.D. Cal. Feb. 19, 2026) (granting preliminary injunctive relief for a bond hearing where the petitioner's detention under § 1226(c) exceeded six months).

## V. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Because the Court recommends the petition be granted in part and petitioner receive a bond hearing, the Court does not find the interests of justice require appointment of counsel at the

present time. Petitioner's motion to appoint counsel is therefore denied without prejudice.

**VI. CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is DENIED WITHOUT PREJUDICE; and

IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondents be ordered to provide petitioner Trung Nguyen (A-071-005-208) with a constitutionally adequate bond hearing before an immigration judge/ neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations where respondents bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify continued detention. Respondents must provide notice to petitioner and if petitioner has counsel, also petitioner's counsel, with at least seven (7) days' notice before the bond hearing. If petitioner has counsel, petitioner shall be allowed to have counsel present at any such hearing. If petitioner requests additional time before the immigration judge, the time for the respondents to comply with the bond hearing order is automatically extended. Any representation by the petitioner in immigration court that the petitioner is not prepared to go forward with the bond hearing shall be treated as a request for a continuance, and not a withdrawal of the bond hearing request.
3. Because petitioner is proceeding pro se, respondents be further directed to file a status report within **seven (7) days** from the date of the bond hearing.
4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be

filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 19, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/nguy7677.2241.imm/9